Argued and submitted March 21, affirmed June 13, 2007

In the Matter of the Compensation of
Armando G. Ramirez, Claimant.

SAIF CORPORATION
and American Onion, Inc.,
*Petitioners,*

*v.*

Armando G. RAMIREZ
and Department of Consumer and Business Services,
*Respondents.*

Workers' Compensation Board
0505596; A131981

161 P3d 326

Jerome P. Larkin argued the cause and filed the briefs for petitioners.

James E. Bailey argued the cause for respondent Armando G. Ramirez. With him on the brief was Bailey & Yarmo, LLP.

Richard D. Wasserman, Attorney-in-Charge, Civil/ Administrative Appeals Unit, waived appearance for respondent Department of Consumer and Business Services.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

The question in this workers' compensation case is whether the medical evidence supports claimant's award of permanent partial disability benefits based on a finding of chronic condition impairment. OAR 436-035-0019. SAIF seeks review of the Workers' Compensation Board's (board) order affirming an administrative law judge's (ALJ) award to claimant of 10 percent unscheduled permanent partial disability for chronic condition impairment of the cervical and lumbar spine. SAIF contends that the medical evidence is insufficient to support the award. We conclude that the board's order is supported by substantial evidence and affirm.

The following facts, taken from the board's order, are not contested. Claimant works for SAIF's insured as a truck driver. He has a history of back problems dating back some 20 years. In January of 2004, he underwent a hemilaminectomy and decompression of the nerve root at L3. Claimant continued to experience low back pain after the surgery, which was successfully controlled with pain medication.

In October 2004, claimant suffered a work-related injury to his neck and back when he bent over to lift a heavy chain. Dr. Meharry, claimant's treating physician, and Dr. Marble, an orthopedic surgeon who performed a medical examination at SAIF's request, diagnosed cervical, thoracic, and lumbar strains as a result of the incident. Both doctors noted that claimant exhibited significant pain response that did not seem to be related to organic causes. They referred claimant for a surgical evaluation and an MRI. The MRI showed that claimant had degenerative changes in his back but no conditions warranting further surgery. SAIF accepted an injury claim for a cervical strain, thoracic strain, and lumbar strain.

In March 2005, Meharry determined that claimant was medically stationary with respect to his work injury, but not with respect to his pain. In April 2005, SAIF closed the claim with an award of temporary disability but no permanent disability, and claimant sought reconsideration of the notice of closure and the appointment of a medical arbiter.

The Workers' Compensation Division, Appellate Review Unit (ARU) appointed Dr. Kane as medical arbiter. Kane reviewed the medical records and examined claimant. Kane did not note any loss of muscle strength due to the accepted conditions. As to range of motion, Kane conducted measurements and reported a decreased range of motion in the cervical, thoracic, and lumbar areas. He noted, however, that during the examination claimant demonstrated limitations that seemed to be related to pain and that were not organically based, and he concluded for that reason that range of motion findings were invalid.[1]

Although claimant's pain behavior prevented an accurate assessment of loss of function, Kane concluded that claimant was impaired in his ability to repetitively use his back:

> "The worker is significantly limited in his ability to repetitively use the cervical and lumbar spine regions as a result of a permanent medical condition arising out of accepted conditions. Despite pain behavior and symptom amplification, there has been consistent demonstration of impaired functional capacity. *This has been recorded by his attending physician, his physical therapist, and by the IME examiner, and during my interview and exam today. Objective evidence of the accepted conditions giving rise to permanent impairment in the cervical and lumbar spine is not available by virtue of the nature of those conditions.*"

(Underlining in original; italics added.) Thus, Kane opined that claimant had significant limitations in his ability to repetitively use the cervical and lumbar spine due to the accepted condition, although he qualified that finding with a statement that there was an absence of "objective evidence" of permanent impairment. In reliance on Kane's report, the ARU issued an order on reconsideration that modified the notice of closure and awarded claimant 10 percent (32 degrees) unscheduled permanent disability for chronic impairment of the cervical and lumbar spine. OAR 436-035-0019(1).

---

[1] OAR 436-035-0007(12) provides that when findings are determined to be invalid, the findings receive a value of zero.

SAIF requested a hearing, challenging the award under ORS 656.283(7), which states that "[a]ny finding of fact regarding the worker's impairment must be established by medical evidence that is supported by objective findings." SAIF argued that Kane's finding that claimant is significantly limited in his ability to repetitively use the cervical and lumbar spine does not support an award for chronic condition impairment, because, as Kane himself noted, the finding is not supported by "objective evidence."

The ALJ rejected SAIF's challenge, reasoning that Kane's finding that claimant is significantly limited in his ability to repetitively use his cervical and lumbar spine *is itself* an objective finding in support of the board's finding of impairment, and that the finding was persuasive because it was based on sound reasoning and a thorough evaluation of claimant and the medical record. As for the reference to an absence of "objective evidence," the ALJ found that the statement merely referred to Kane's inability to make objective measurements in light of claimant's responses. The board adopted the ALJ's opinion and order and affirmed.

SAIF seeks review, contending once again that the board's 10 percent award of unscheduled permanent partial disability for chronic condition impairment of claimant's cervical and lumbar spine is not based on objective findings of permanent impairment. Specifically, SAIF argues that Kane's statement that claimant has limitations in the repetitive use of his cervical and lumbar spine is not supported by objective findings and, further, that it is contradicted by Kane's own statement that "objective evidence of the accepted conditions giving rise to permanent impairment in the cervical and lumbar spine is not available." SAIF asserts that, in the absence of "objective medical evidence," no award of chronic condition impairment is authorized. SAIF reasons that Kane's statement that there is no objective evidence of impairment means that Kane's opinion concerning chronic condition impairment does not satisfy claimant's burden of proof.

Claimant responds that, as the Supreme Court held in *SAIF v. Lewis*, 335 Or 92, 97, 58 P3d 814 (2002), what the statute requires is medical evidence supported by "objective

findings," which consist of findings that are "reproducible, measurable, or observable." In this case, claimant contends, Kane's report clearly includes such findings, and the board's finding to that effect is supported by substantial evidence.

As previously noted, any finding of impairment by an ALJ or the board must be "established by medical evidence that is supported by objective findings." ORS 656.283(7); ORS 656.295(5); *see also* ORS 656.726(4)(f)(B) ("Impairment is established by a preponderance of medical evidence based upon objective findings."). Further, when a medical arbiter is used on reconsideration, "impairment is established based on objective findings of the medical arbiter." OAR 436-035-0007(5). ORS 656.005(19), in turn, defines "objective findings":

> " 'Objective findings' in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings' does not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable."

In this case, it is not disputed that Kane's opinion that claimant suffers from impairment is "medical evidence." *See Lewis*, 335 Or at 97 ("The opinion of a medical expert * * * qualifies as 'medical evidence' under the statute."). The dispute concerns whether Kane's opinion provides "objective findings" on which a finding of impairment can be based. The board concluded that Kane's statement that claimant "is significantly limited in his ability to repetitively use the cervical and lumbar spine regions" (underlining in original) is itself an "objective finding" on which to base a finding of impairment. In SAIF's view, that statement is merely a description of an impairment that must be independently verifiable. Further, SAIF asserts, there is no documentation in the medical report that supports the conclusion that Kane's finding is independently verifiable, especially in light of Kane's own statement that there is no "objective evidence" of claimant's impairment.

In determining whether Kane's report is sufficient to support a finding of impairment, we draw assistance from

the Supreme Court's discussion in *Lewis* of the meaning of the term "objective findings" as it is defined in ORS 656.005(19). The court began by addressing the first sentence of the definition, which states that "objective findings in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm." The court explained that, in light of dictionary definitions of "verifiable" and "indications," the legislature apparently intended the phrase "objective findings in support of medical evidence" to refer to "symptoms that indicate the probable presence of injury or disease." In addition, the court said, "the indication of injury or disease must be *capable* of being 'verified,' that is, be susceptible to the possibility that a reference to empirical facts either theoretically or actually will prove the claim of injury or disease to be true or false." *Lewis*, 335 Or at 98. (Emphasis in original.)

The court noted, further, that the statutory context of the dispute "will determine the legal and factual issues that medical evidence supported by objective findings must address." *Id.* at 99. When, for example, the issue at the hearing concerns not compensability, but the extent of permanent disability, "then the medical evidence supported by objective findings logically must be sufficient to support a finding of fact that the disability not only existed, but has become permanent." *Id.* at 98.

The court then turned to the second sentence of the statutory definition of "objective findings," explaining that objective findings must include either physical findings or subjective responses to physical examinations "that are 'reproducible, measurable or observable.'" *Id.* at 99. The court said that "any one of those characteristics, if established, will serve to qualify a physical finding or a subjective response to a physical examination as a verifiable indication of injury or disease that will constitute an 'objective finding.'" *Id.* Further, the court explained, the statutory definition of "objective findings

"does not prescribe a particular diagnostic methodology for making an objective finding about an injury or disease or

> determining whether one of those characteristics is present. For example, the statute does not address how a health care professional must conduct an examination or form a diagnosis of a claimant's injury or disease. The definition simply anticipates that the person who makes the objective finding will determine, in some medically acceptable way, whether the claimant had or has an indication of injury or disease."

*Id.* at 100. Finally, the court explained, whether a particular finding by a medical professional has the characteristics of being "reproducible, measurable or observable" is a question of fact, subject to appellate review for substantial evidence. *Id.* at 101.

■     We turn to the disposition of this case. Although the court in *Lewis* considered the definition of "objective findings" in the context of determining the compensability of a claim, the same analysis applies in the context of determining impairment. *Id.* at 98; *SAIF v. Drury*, 202 Or App 14, 24, 121 P3d 664 (2005), *rev den*, 340 Or 359 (2006). We readily conclude that Kane's opinion that claimant is significantly limited in his ability to repetitively use the cervical and lumbar spine regions is an "objective finding" that supports the board's finding of chronic condition impairment.

■■     OAR 436-035-0019(1) provides, in part:

> "A worker is entitled to a 5% chronic condition impairment value for each applicable body part, when a preponderance of medical opinion establishes that, due to a chronic and permanent medical condition, the worker is significantly limited in the repetitive use of one or more of the following body parts:
>
> "* * * * *
>
> "(e)   Cervical;
>
> "* * * * *
>
> "(h)   Lower back[.]"

Thus, in the context of a chronic condition impairment, the "objective finding" in support of a finding of impairment is that the worker is "significantly limited in the repetitive use" of the relevant body part. As the court stated in *Lewis*, no specific methodology is required for making "objective findings."

Kane's report shows that he based his opinion on a review of claimant's medical records and on his observations of claimant's subjective responses during a physical examination. Kane's finding complies with the court's observation in *Lewis* that the requirement for objective findings "simply anticipates that the person who makes the objective finding will determine, in some medically acceptable way, whether the claimant had or has an indication of injury or disease." 335 Or at 100.

Finally, we address SAIF's concern that, despite Kane's statement that claimant is significantly limited in the repetitive use of his back, an interpretation of Kane's opinion as supporting a finding of impairment cannot be reconciled with the expert's own statement that claimant's impairment is not measurable by "objective evidence." The board, in affirming the ALJ, reasoned that in using the term "objective evidence," Kane was not referring to an absence of "objective findings," as required to support a finding of impairment under the statutes. Rather, the board explained, the statement reasonably can be interpreted as a comment on Kane's inability to make objective measurements in light of claimant's pain responses. The order further explained that a determination that a worker is "significantly limited" need not, like range of motion or loss of strength, depend on measurements by a scale or degrees, but that it may be based on the medical expert's judgment, based on observation, and that Kane's finding that claimant was significantly limited in the ability to repetitively use the cervical and lumbar regions of his back satisfied that requirement.

■     The board's interpretation of Kane's opinion reconciles what would otherwise be a stark contradiction with Kane's finding of impairment, and we conclude that it is a reasonable one. Further, the board's explanation is consistent with the Supreme Court's interpretation of "objective findings" in *Lewis*. Finally, we conclude that the board's finding, based on Kane's report, that claimant suffers from chronic condition impairment is supported by substantial evidence. *See Weckesser v. Jet Delivery Systems*, 132 Or App 325, 888 P2d 127 (1995) (record that contains a medical opinion from which it can be found that the worker is unable to repetitively use a body part due to a chronic and permanent

medical condition supports an award for chronic condition impairment).

Affirmed.