Argued and submitted April 30, affirmed June 11, petition for review denied October 3, 2008 (345 Or 317)

TROY RANDALL COLE,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A125008

186 P3d 321

Irene B. Taylor, Deputy Public Defender, argued the cause for petitioner. With her on the opening brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services. With her on the reply brief was Peter Gartlan, Chief Defender, Legal Services Division.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision, based on *State ex rel Gonzalez v. Washington*, 182 Or App 112, 47 P3d 537 (2002), that denied him re-release after his parole had been revoked and set his prison term for 79 months. We reject without discussion each of petitioner's arguments except those pertaining to the applicability of OAR 255-75-096,[1] as addressed in *Gonzalez*. As explained below, we affirm the board's disposition, adhere to *Gonzalez*, and write only to correct one misstatement in *Gonzalez* that is internally irreconcilable with other, correct statements in *Gonzalez* and with our ultimate holding in that case.

■ The question in this case, and in *Gonzalez*, concerned the board's authority to deny re-release on parole to parole violators. As explained in *Gonzalez*, there is no doubt that the board has statutory authority to do this. 182 Or App at 116-18. The arguments in *Gonzalez*, as here, related to certain administrative rules that pertain to re-release on parole. In *Gonzalez*, in addressing the board's authority under its own rules, we noted that OAR 255-75-090 required the board to impose as sanctions for parole violations certain "additional prison term[s]" between four and 12 months in length unless the board "denies parole." 182 Or App at 117. We further noted that OAR 255-75-095 contains "aggravation" and "mitigation" factors that can be applied to the terms described in OAR 255-075-0090. 182 Or App at 117.

We then addressed the applicability of OAR 255-75-096, which is the focus of the parties' present dispute: "In contrast [to OAR 255-75-090 and OAR 255-75-095], OAR 255-75-096 expressly provided authority for the board to deny parole after a violation and to require, instead, the service of the

---

[1] All references to OAR 255-75-096 are to the version in effect when petitioner committed the crime. The pertinent portion of that rule stated: "The Board may deny reparole consideration and require the parole violator to serve to the statutory good time date." OAR 255-75-096(1). The pertinent portion of the current version of OAR 255-075-0096(1) provides that "the Board may deny rerelease on parole and set the parole release date up to two (2) days before the statutory good time date."

remainder of a sentence." 182 Or App at 117-18. Later, we reiterated that point:

> "[T]here are indications outside the text of OAR 255-75-090 that the board's discretion was not fettered by OAR 255-75-090's presumptive terms when it decided to revoke parole and require service of the remainder of a sentence. In OAR 255-75-096, the board was expressly granted authority to deny parole and require service of the remainder of a sentence * * *."

*Id.* at 118-19. We adhere to those statements: OAR 255-75-096 permitted the board to deny parole and require an inmate to serve out a sentence.

■     The problem—which petitioner emphasizes here—is that, in *Gonzalez*, after making the first of the above-quoted statements and before making the second, we also said the following:

> "The language in OAR 255-75-090 indicated that its presumptive prison terms did not apply to parole violators like appellant whose parole had been revoked. *Said differently, OAR 255-75-090 through OAR 255-75-096 were not the rules that governed the 'rerelease' of revoked inmates.*"

182 Or App at 118 (emphasis added). The emphasized statement contains a typographical error. It should have read: "Said differently, OAR 255-75-090 through *OAR 255-75-095* were not the rules that governed the 'rerelease' of revoked inmates." (Emphasis added.) As the other portions of the text in *Gonzalez*, quoted above, correctly recognized, OAR 255-75-096 *did*, in fact, govern the "rerelease" of revoked inmates.

Thus, with that clarification, we adhere to our conclusion in *Gonzalez* that the board had the authority to revoke an inmate's parole and require the service of the remainder of the inmate's sentence or, as was the case in *Gonzalez* and is the case here, to require the inmate to serve the sentence until shortly before the statutory "good time" date. Accordingly, the board's action here was authorized under OAR 255-75-096.

Affirmed.