Submitted October 1, 2010, affirmed May 25, 2011,
petition for review denied February 2, 2012 (351 Or 545)

ROBERT DOYLE MURPHY,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A142309

259 P3d 97

Robert Doyle Murphy filed the briefs *pro se.*

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Senior Judge.

PER CURIAM

**PER CURIAM**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision, arguing that the board lacked authority to deny his rerelease after revocation of parole. We disagree, reject petitioner's remaining assignments of error without discussion, and affirm.

Petitioner was sentenced to life imprisonment with the possibility of parole in 1976. He was released on parole in 2007. In January 2008, the board revoked his parole based on petitioner's violation of a condition of his supervision requiring him to not possess or use intoxicating beverages. The board denied relief on administrative review of the revocation order, and we later affirmed that decision, *Murphy v. Board of Parole*, 241 Or App 177, 250 P3d 13 (2011).

Following a future disposition hearing in April 2008, the board denied petitioner's immediate rerelease and set a new rerelease date for November 2012. On administrative review, petitioner argued that the board lacked authority to take that action. He argued that the board was required, and had failed, to adopt rules governing the rerelease of parolees whose paroles have been revoked, and that ORS 144.395 required the adoption of rules establishing "ranges" of duration of incarceration after parole revocation consistent with the criteria in ORS 144.780. The board affirmed, citing OAR 255-75-096 (1985)[1] as authority.

On judicial review, petitioner reasserts the arguments that he made to the board. We have previously rejected the argument that the board was required to establish ranges of duration of incarceration for parolees whose parole has been revoked, *see Himes v. Board of Parole*, 221 Or App 386, 391, 190 P3d 466, *rev den*, 345 Or 417 (2008), and we adhere to that decision here.

We also reject petitioner's argument that the board failed to adopt rules governing the rerelease of inmates whose parole has been revoked. OAR 255-75-096 provided

---

[1] Although petitioner's offense occurred in 1976, he elected to "opt in" to the matrix system in 1986 and to have his sentence governed by the statutes and rules in effect at that time. Accordingly, we apply those laws in this case.

that, upon revocation, the board "may deny reparole consideration and require the parole violator to serve to the statutory good time date." Implicit in that discretionary provision is authorization for the board to impose a shorter term. *See Cole v. Board of Parole*, 220 Or App 362, 365, 186 P3d 321, *rev den*, 345 Or 317 (2008) (OAR 255-75-096 authorized the board to require the petitioner to serve until shortly before the "good time" date). Thus, OAR 225-75-096 afforded the board discretion to set petitioner's rerelease date for November 2012. That the agency's rule did not expressly address parolees, like petitioner, who are serving life sentences and are ineligible for "good time," is immaterial; the board was not required to "adopt rules establishing [its] policy in regard to every possible factual circumstance that may arise * * *." *Himes*, 221 Or App at 392. In situations where a parolee had no good time date, we conclude that OAR 255-75-096 authorized a duration of incarceration up to the remainder of the parolee's sentence. The board's action was proper.

Affirmed.