Submitted January 27, affirmed December 30, 2015, petition for review denied
June 16, 2016 (359 Or 777)

## JUAN RIVAS-VALLES,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND
## POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A154369

365 P3d 674

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

In 1990, petitioner was convicted of aggravated murder, ORS 163.095, and was sentenced to life imprisonment with a 30-year minimum term without the possibility of parole or work release and a 20-year minimum period before he could seek parole review.[1] ORS 163.105. In 2011, the Board of Parole and Post-Prison Supervision (board) conducted a murder review hearing pursuant to ORS 163.105(2).[2] The board concluded that petitioner failed to carry his burden of proving that he was likely to be rehabilitated in a reasonable period of time. Accordingly, it denied petitioner's request to convert his aggravated murder sentence to a determinate term of 30 years. On review, petitioner contends that the board's order is not supported by substantial evidence or substantial reason. Relying on ORS 144.335(4),[3] the board responds that this court lacks jurisdiction to review the board's order because petitioner failed to serve his petition for judicial review on the board within 60 days of the date the board mailed its final order disposing of petitioner's request for administrative review. Alternatively, if this court has jurisdiction, the board asserts that its final order is supported by substantial evidence and substantial reason. For the reasons that follow, we conclude that the court has jurisdiction to review the board's final order and that the order is supported by substantial evidence and reason. Accordingly, we affirm.

---

[1] Petitioner was convicted and sentenced at that time for another murder; that sentence was not affected by the order under review.

[2] Under ORS 163.105(2) (1989), *amended by* Or Laws 1995, ch 421, § 2,

"[a]t any time after 20 years from the date of imposition of a minimum period of confinement pursuant to paragraph (c) of subsection (1) of this section, the State Board of Parole and Post-Prison Supervision, upon petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time."

[3] ORS 144.335(4) provides:

"If a person described in subsection (1) of this section seeks judicial review of a final order of the board, the person shall file a petition for judicial review with the Court of Appeals within 60 days after the date the board mails the order disposing of the person's request for administrative review. The person shall serve a copy of the petition for judicial review on the board."

We begin with the board's jurisdictional challenge. The board issued its final order on March 29, 2013, and mailed the order to petitioner on April 5. Petitioner filed a petition for review on May 28. The petition did not include proof of service as required by ORAP 4.15(3)(a). After notice of that deficiency, petitioner filed an amended petition for judicial review, including proof of service, on June 14. The Appellate Commissioner issued an order to show cause why the case should not be dismissed because a petition for review had not been served on the board within 60 days of the mailing date of the final order. After briefing by both parties, the Appellate Commissioner concluded that timely service was not a jurisdictional requirement and directed that judicial review proceed. The board moved for reconsideration of the order, and the Chief Judge denied that motion.

The board now renews its assertion that we lack jurisdiction. According to the board, ORS 144.335(4) imposes a 60-day deadline for service on the board, which is jurisdictional, and petitioner failed to serve the board within that time. Although the statute explicitly imposes the 60-day deadline only for filing the petition for judicial review, the board asserts that we should conclude that the deadline also applies to service because the two requirements appear in the same subsection.

In response, petitioner contends that reading the 60-day deadline into the service requirement would violate ORS 174.010, which instructs a court to not "insert what has been omitted" in the construction of a statute. Petitioner further contends that, in other contexts, the legislature has explicitly made timely service a jurisdictional requirement, and that the requirement ought not to be imposed unless explicitly stated. Petitioner finally argues that the legislative history of ORS 144.335(4) indicates that the legislature did not intend service to be a jurisdictional requirement.

As noted, ORS 144.335(4) provides:

"If a person described in subsection (1)[4] of this section seeks judicial review of a final order of the board, the person

---

[4] Pursuant to ORS 144.335(1),

"[a] person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction may seek judicial review of a final order of the board as provided in this section if:

shall file a petition for judicial review with the Court of Appeals within 60 days after the date the board mails the order disposing of the person's request for administrative review. The person shall serve a copy of the petition for judicial review on the board."

We interpret the statute using the statutory construction framework established in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 167, 206 P3d 1042 (2009). "In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE*, 317 Or at 610. In discerning that intent, we look at the text and context of the statute, as well as any relevant legislative history. *Gaines*, 346 Or at 171-72. The context of a statutory provision includes other related statutes. *PGE*, 317 Or at 611.

It is not clear from the text of ORS 144.335(4) whether the legislature intended service to be required within 60 days of mailed notice. The second sentence of the statutory subsection does not expressly impose a deadline for service and does not explicitly state whether the obtaining of service is jurisdictional. Nonetheless, the board argues that the placement of the service provision in the same subsection as the filing provision necessarily demonstrates that the legislature intended for the filing deadline to apply to service.

In support of that proposition, the board relies on *State v. Lawler*, 144 Or App 456, 927 P2d 99 (1996), *rev den*, 326 Or 390 (1998). In that case, we construed a provision of Ballot Measure 11 (1994) that stated, "Notwithstanding any other provision of law, when a person charged with any of the offenses listed in subsection 2 of this section is 15, 16, or 17-years of age, at the time the charges are filed, that person shall be tried as an adult." Or Laws 1995, ch 2, § 1(1).[5] Subsection 2 of the section listed the offenses and minimum sentences required by Measure 11. The defendant, a juvenile

---

"(a) The person is adversely affected or aggrieved by a final order of the board; and

"(b) The person has exhausted administrative review as provided by board rule."

[5] That provision is now codified, as amended, in ORS 137.707.

at the time he was charged, contended that the provision did not require that he be sentenced in accordance with Measure 11's mandatory minimum sentencing scheme, only that his trial occur in adult, rather than juvenile, court. *Lawler*, 144 Or App at 460-61. We disagreed, holding that, in passing Measure 11, the voters intended to remove juveniles accused of committing certain crimes from juvenile court, and to "place them under the jurisdiction of the circuit court and subject them to the mandatory minimum sentences applicable to adults." *Id.* at 462. We relied upon the "significan[ce]" of the placement of the "juvenile provision * * * [in] the same subsection establishing mandatory minimum sentences for adult offenders" from which we could "conceive of no reason why voters would force minors accused of serious person felonies into adult court but would not subject them to the mandatory adult sentences attached to those crimes." *Id.*

The state reads too much into *Lawler*. In *Lawler*, we were able to draw more support from the statutory context than we are able to in this case. There, "the class of juveniles slated for adult trials [was] defined, in part, by reference to crimes carrying [mandatory minimum] sentences[,]" connecting the juvenile offenders to the regulation of mandatory minimum sentences within the subsection. *Id.* As opposed to the explicit cross-reference tying two parts of a statute together in *Lawler*, there is nothing explicitly in the text of ORS 144.335(4) from which we can infer a connection between the first and second sentences of that provision.

The context of ORS 144.335(4) suggests that the legislature did not intend for service of the petition for review on the board within 60 days to be a jurisdictional requirement. The legislature amended ORS 144.335(4) to include the service requirement in 2001. Or Laws 2001, ch 661, § 1. At that time, several other statutes explicitly provided that both timely service and filing of a notice of appeal or petition for review were jurisdictional. *See* ORS 19.270(2) (service and filing of a notice of appeal in civil appeals are "jurisdictional and may not be waived or extended"); ORS 197.850(3)(b) (filing and service of the petition for review of a Land Use Board of Appeals decision are "jurisdictional and may not be waived or extended"); ORS 656.298(5) (filing and service of a petition for review of a Workers' Compensation

Board decision are "jurisdictional and may not be waived or extended"). Similarly, ORS 138.071(1) (1999), *amended by* Or Laws 2007, ch 547, § 2, expressly imposed a deadline for service of notices of appeal in criminal cases, stating that "the notice of appeal shall be *served* and filed not later than 30 days after the judgment or order appealed from was entered in the register." (Emphasis added.)

In contrast, ORS 183.482, which governs jurisdiction and procedures for review of contested cases in administrative agency proceedings, did not explicitly state that service is a jurisdictional requirement or impose any deadline for service. Like ORS 144.335(4), ORS 183.482 provides a 60-day deadline for filing the petition for review, ORS 183.482(1), and then states that "[c]opies of the petition shall be served *** upon the agency," without including any deadline, ORS 183.482(2). In *Hill v. Employment Division*, 92 Or App 357, 358, 758 P2d 420 (1988), we held that the service requirement was "mandatory, but not jurisdictional." *Hill* was decided 13 years before the legislature amended ORS 144.335(4), and its construction of an analogous service requirement in ORS 183.482(2) is relevant context in discerning the legislature's intent in amending ORS 144.335(4). *See Keller v. Armstrong World Industries, Inc.*, 342 Or 23, 35, 147 P3d 1154 (2006) (prior constructions of similar statutory provisions are "relevant context" for interpreting a statute).

Additionally, the rules of appellate procedure are also relevant context in interpreting ORS 144.355(4). ORAP 4.15(3)(a) provides that a petitioner for judicial review "shall show proof of service" on "the agency whose order, rule or ruling is involved." ORAP 4.10 provides that petitions for review of board decisions are governed by the rules for petitions for review of contested cases, which are found in ORAP 4.15. At the time the board amended ORS 144.335(4), the same rules were in place. *See former* ORAP 4.15(5)(a) (2000), *renumbered as* ORAP 4.15(3)(a) (2012). To show proof of service on the board in a petition for judicial review, the petitioner must initiate—but need not complete—service on the board within the 60-day filing deadline. That context helps to explain the legislature's decision to omit a deadline for service in ORS 144.355(4).

Thus, based on the text and context of ORS 144.335(4), we conclude that the legislature did not intend to impose a 60-day jurisdictional deadline for service on the board.[6] Where the legislature does not expressly say that timely service is jurisdictional, we have concluded that it is not. *See Hill*, 92 Or App at 358. In contrast, where the legislature intends for timely service to be jurisdictional, it expressly says so. Further, the rules of appellate procedure, which govern proof of service on the board, do not impose a 60-day deadline for effecting service. Therefore, we have jurisdiction to review the substance of the petition in this case. Accordingly, we turn to the merits.

As noted, after conducting a murder review hearing, the board denied petitioner's request to convert his sentence to a determinate term because he failed to prove that he was likely to be rehabilitated within a reasonable period of time. The board considered the factors set forth in OAR 255-032-0020.[7] The board based its decision on each of six

---

[6] The parties have not supplied any legislative history of the statute that is instructive about its intended meaning.

[7] OAR 255-032-0020 sets out the following criteria that the board must consider in determining whether an inmate is likely to be rehabilitated in a reasonable period of time:

"(1) The inmate's involvement in correctional treatment, medical care, educational, vocational or other training in the institution which will substantially enhance his/her capacity to lead a law-abiding life when released;

"(2) The inmate's institutional employment history;

"(3) The inmate's institutional disciplinary conduct;

"(4) The inmate's maturity, stability, demonstrated responsibility, and any apparent development in the inmate personality which may promote or hinder conformity to law;

"(5) The inmate's past use of narcotics or other dangerous drugs, or past habitual and excessive use of alcoholic liquor;

"(6) The inmate's prior criminal history, including the nature and circumstances of previous offenses;

"(7) The inmate's conduct during any previous period of probation or parole;

"(8) The inmate does/does not have a mental or emotional disturbance, deficiency, condition or disorder predisposing them to the commission of a crime to a degree rendering them a danger to the health and safety of the community;

"(9) The adequacy of the inmate's parole plan including community support from family, friends, treatment providers, and others in the community; type of residence, neighborhood or community in which the inmate plans to live;

of those factors: (1) petitioner's lack of maturity, stability, and insight into his criminal behavior; (2) petitioner's lack of involvement in programming; (3) petitioner's institutional disciplinary conduct; (4) petitioner's past use of narcotics or other dangerous drugs, or past habitual and excessive use of alcoholic liquor; (5) petitioner's failure to submit a parole plan; and (6) the probability that petitioner would not remain in the community without violating the law and that there was not a substantial likelihood that he would conform to the conditions of his parole.

Petitioner contends that the order is not supported by substantial evidence or substantial reason. Petitioner first asserts that the board's decision was not supported by substantial reason because the board relied on petitioner's failure to participate in a sufficient amount of institutional programming, despite petitioner's testimony that those programs were no longer available.

On review for substantial reason, we determine whether the board's order "articulates the reasoning that leads from the facts found to the conclusions drawn." *Dixon v. Board of Parole and Post-Prison Supervision*, 257 Or App 273, 286, 306 P3d 716 (2013) (internal quotation marks omitted). We conclude that the board's final order is supported by substantial reason. The order identified facts in the record supporting the determinations with respect to each of the OAR 255-032-0020 factors and, in particular, petitioner's "involvement in correctional treatment, * * * educational, vocational or other training in the institution which will substantially enhance [petitioner's] capacity to lead a law-abiding life when released" under OAR 255-032-0020(1). The order explained how those determinations permitted the conclusion that petitioner was not capable of rehabilitation in a reasonable period of time. Thus, the board's reasoning connected "the facts of the case and the result reached." *Jenkins v. Board of Parole*, 356 Or 186, 208, 335 P3d 828 (2014). Petitioner's disagreement with the board's reasoning does not prove that the reasoning was not explicit.

---

"(10) There is a reasonable probability that the inmate will remain in the community without violating the law, and there is substantial likelihood that the inmate will conform to the conditions of parole."

Petitioner also argues that one of the board's factual findings was not supported by substantial evidence. *See Dixon*, 257 Or App at 278 ("On substantial evidence review, we must determine whether a reasonable person could make the findings that the board made[.]"). Petitioner asserts that there was no evidence in the record to support the board's finding that "religious services has been providing anger management programs to all inmates, without eligibility restrictions, for several years." The board concedes that there was no "specific evidence" in the record to support that finding. However, as we understand the board's response to petitioner's request for administrative review, its ultimate decision was not dependent on that finding:

"The Board's order discusses [petitioner's] lack of insight into [his] criminal behavior, [his] lack of programming, [his] significant disciplinary rule violations, [his] failure to address [his] alcoholism, and [his] lack of foresight and planning in regards to a parole plan. The Board did discuss programming, but it was only one of many factors weighing against finding that [he] met the standard."[8]

Thus, because the board would have reached the same result without the unsupported finding on the availability of programming, any error with respect to that finding was harmless. *Cf. Brundridge v. Board of Parole*, 192 Or App 648, 656, 87 P3d 703, *rev den*, 337 Or 327 (2004) (vacating the board's order where the court concluded that the board revoked the petitioner's parole based on an erroneous finding that he violated one of two parole conditions, and "the board did not indicate in its order whether it would have revoked petitioner's parole on the basis of" the other condition alone); *Meadows v. Board of Parole*, 181 Or App 565, 579-80, 47 P3d 506 (2002), *rev den*, 335 Or 355 (2003) (where two grounds supported the board's designation of the petitioner as a "predatory offender," any error with respect to one of those grounds was harmless where the petitioner failed to challenge the alternative ground). Accordingly, the board's order was supported by substantial evidence and substantial reason.

Affirmed.

---

[8] The board's response to a petitioner's administrative review request is "part of the final order for purpose of" judicial review. *Jenkins*, 356 Or at 207.