Argued and submitted September 23, 2019, affirmed January 27, 2021

ROBERT HADEN KING,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A167392

482 P3d 110

This case is before the Court of Appeals for a second time. In the first case, *King v. Board of Parole*, 283 Or App 689, 389 P3d 1171 (2017) (*King I*), petitioner sought review of a final order of the Board of Parole and Post-Prison Supervision from a murder-review hearing, arguing that the board's order lacked substantial evidence and substantial reason—only the former of which the court addressed. On remand, the board upheld its initial order after reconsidering the facts in light of *King I*. On review from that order, petitioner now argues that the board's order lacks substantial reason. *Held*: The board's order on this record was supported by substantial reason. Although the order was not verbose, and although there were facts that weighed in petitioner's favor, the board provided substantial reasoning for its order and therefore did not err in upholding it.

Affirmed.

Marc D. Brown, Deputy Public Defender, argued the cause for petitioner. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

Petitioner seeks review of a final order of the Board of Parole and Post-Prison Supervision from a murder-review hearing, in which the board upheld its previous order after a remand from this court. Petitioner argues that the board's order lacks substantial reason. We affirm.

In *King v. Board of Parole*, 283 Or App 689, 389 P3d 1171 (2017), we reversed a ruling in which the board denied relief from a murder-review hearing. In that order, the board found that petitioner had not satisfied his burden of proving, by a preponderance of evidence, that he is likely to be rehabilitated within a reasonable period of time. The board incorporated a 14-page "final order containing the findings of fact and conclusions of law" which discussed seven factors that correlate to criteria listed in OAR 255-032-0020 that led the board to the conclusion that petitioner had not satisfied his burden.[1] Based on that reasoning, it declined to convert petitioner's life sentence without the possibility of parole for aggravated murder to life with the possibility of parole.

On review, petitioner contested a number of the factual findings relied on by the board to determine that he had not demonstrated that he is capable of rehabilitation within a reasonable period of time. *Id.* at 690. Petitioner contended that those factual findings were not supported by substantial evidence in the record and that the order was not supported by substantial reason. *Id.* We agreed with petitioner that substantial evidence did not support three of the factual findings on which the board relied in reaching its ultimate determination regarding petitioner's capacity

---

[1] The board stated that its reasoning was based on: petitioner's "involvement in correctional treatment, medical care, educational, vocational or other training in the institution which will substantially enhance his/her capacity to lead a law-abiding life when released," corresponding to OAR 255-032-0020(1); his "institutional disciplinary conduct," corresponding to OAR 255-032-0020(3); his "maturity, stability, demonstrated responsibility, and any apparent development in [his] personality which may promote or hinder conformity to law," corresponding to OAR 255-032-0020(4); his "prior criminal history, including the nature and circumstances of previous offenses," corresponding to OAR 255-032-0020(6); whether there is "a reasonable probability that [he] will remain in the community without violating the law," and "substantial likelihood that [he] will conform to the conditions of parole," corresponding with OAR 255-032-0020(10).

for rehabilitation, though we rejected petitioner's remaining challenges to the board's factual findings. *Id.* at 692. We noted that the board's order did not disclose whether it would have reached the same determination had it not relied on the erroneous factual findings. *Id.* at 694. Because of that, we remanded to the board to reconsider its decision without relying on the erroneous factual findings. *Id.* Consequently, we did not reach petitioner's substantial reason argument. *Id.*

On remand, the board excised the three factual findings we deemed unsupported by substantial evidence and again reached the same determination. It stated that the remaining findings, considered under the criteria in OAR 255-032-0020(1), (3), (4), (6), and (10), sufficed to establish that petitioner was not likely to be rehabilitated in a reasonable period of time. The board found once more that "it properly reviewed and weighed all evidence presented at the murder review hearing, adequately anchored its conclusions in its final order to the evidence presented, and that its decision was based on substantial evidence." In denying petitioner relief for a second time and adhering to its final order "without further discussion," the board noted only that, from its second review of the remaining allegations, it had determined that petitioner's arguments were "not supported by the factual record, not sufficiently developed or explained, without merit in light of the record and the board's findings of fact and conclusions of law, or meritless due to some combination of these factors."

Petitioner now seeks judicial review of that final board order. He has filed the same opening brief that he filed when this case was on review the first time, deleting his arguments as to the findings that this court determined were not supported by substantial evidence, but resurrecting his challenges to the remaining factual findings. Petitioner acknowledges that we rejected his challenges to the board's findings in our previous opinion, but states that he raises the same arguments again because we did not previously reach his substantial reason argument, and also to preserve the arguments for further state and federal appellate review. He argues: (1) that the board's order is not supported by substantial evidence because, in petitioner's view,

the record compels a conclusion that petitioner is likely to be rehabilitated within a reasonable time; and (2) that substantial reason does not support the board's order because, according to petitioner, the board inexplicably rejected the evidence that "overwhelmingly" weighed in his favor.

As the board correctly points out, the law of the case doctrine controls the resolution of petitioner's substantial evidence arguments. We have long recognized that, once a decision or ruling has been made in a particular case by an appellate court, "while it may be overruled in other cases, it is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review." *Simmons v. Wash. F.N. Ins. Co.*, 140 Or 164, 166, 13 P2d 366 (1932). This is a doctrine of judicial economy and discretion that aims to "preclude parties from revisiting issues that already have been fully considered by an appellate court in the same proceeding." *Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 54, 110 P3d 615 (2005). As petitioner accedes, his challenges before us on this second judicial review are verbatim arguments raised in the first review, less the challenges to the findings which we previously held were not supported by substantial evidence. As we expressly rejected petitioner's substantial evidence challenges to those findings in his first appeal, that decision remains controlling.

Turning now to petitioner's substantial reason argument, which we did not decide in our prior opinion, we determine whether the board's order "articulates the reasoning that leads from the facts found to the conclusions drawn." *Dixon v. Board of Parole and Post-Prison Supervision*, 257 Or App 273, 286, 306 P3d 715 (2013) (quoting *Salosha, Inc. v. Lane County*, 201 Or App 138, 143, 117 P3d 1047 (2005). In other words, we review the board's order to see if it demonstrates "some kind of an explanation connecting the facts of the case (which would include the facts found, if any) and the result reached * * *." *Martin v. Board of Parole*, 327 Or 147, 157, 957 P2d 1210 (1998). If the board's reasoning is not obvious, its order—which includes both the Board Action Form and the Administrative Review Response—must at least set forth the bases for its inferences. *See Mendacino v.*

*Board of Parole*, 287 Or App 822, 837, 404 P3d 1048 (2017). The board's explanation "need not be complex, but it should be sufficient to demonstrate the existence of a rational basis and to allow for judicial review." *City of Roseburg v. Roseburg City Firefighters*, 292 Or 266, 272, 639 P2d 90 (1981). In contrast, when the board states mere conclusions, without adequate explanation for judicial review, we have found substantial reason to be lacking. *See, e.g.*, *Castro v. Board of Parole*, 232 Or App 75, 85, 220 P3d 772 (2009).

OAR 255-032-0020 lists 10 factors that the board may assess in determining whether an inmate is likely to be rehabilitated in a reasonable time,[2] although "the board is not required to rely on all of the criteria set out in OAR 255-032-0020 to support its ultimate conclusion * * *." *Dixon*, 257 Or App at 281 n 4.

In *Dixon*, we observed that the board identified the particular facts and the particular criteria on which it relied

---

[2] Those factors include:

"(1) The inmate's involvement in correctional treatment, medical care, educational, vocational or other training in the institution which will substantially enhance his/her capacity to lead a law-abiding life when released;

"(2) The inmate's institutional employment history;

"(3) The inmate's institutional disciplinary conduct;

"(4) The inmate's maturity, stability, demonstrated responsibility, and any apparent development in the inmate personality which may promote or hinder conformity to law;

"(5) The inmate's past use of narcotics or other dangerous drugs, or past habitual and excessive use of alcoholic liquor;

"(6) The inmate's prior criminal history, including the nature and circumstances of previous offenses;

"(7) The inmate's conduct during any previous period of probation or parole;

"(8) The inmate does/does not have a mental or emotional disturbance, deficiency, condition or disorder predisposing them to the commission of a crime to a degree rendering them a danger to the health and safety of the community;

"(9) The adequacy of the inmate's parole plan including community support from family, friends, treatment providers, and others in the community; type of residence, neighborhood or community in which the inmate plans to live;

"(10) There is a reasonable probability that the inmate will remain in the community without violating the law, and there is substantial likelihood that the inmate will conform to the conditions of parole."

OAR 255-032-0020.

for each of its findings and in support of its ultimate conclusion that petitioner did not meet his burden. *Id.* at 287. There, the board relied only on four of the 10 factors, which we held sufficient to find substantial reason. *Id.* at 282. Similarly, in *Wille v. Board of Parole*, we concluded that the board's reliance on four factors, taken together and supported by substantial evidence, supported the board's ultimate conclusion. 287 Or App 709, 717-18, 404 P3d 1042 (2017), *rev den*, 362 Or 795 (2018). Finally, in *Rivas-Valles v. Board of Parole*, a case in which the board articulated only five of the 10 factors, we found substantial reason because the board order identified facts in the record supporting the determinations with respect to each of the factors and "explained how those determinations permitted the conclusion that petitioner was not capable of rehabilitation in a reasonable period of time." 275 Or App 761, 769, 365 P3d 674 (2015), *rev den*, 359 Or 777 (2016). There, importantly, we noted that the "[p]etitioner's disagreement with the board's reasoning does not prove that the reasoning was not explicit." *Id.*

Here, we look for substantial reason in the board's initial order and the order on remand, which include various Board Action Forms and Administrative Review Responses. *See Mendacino*, 287 Or App at 837. After we remanded to the board with instruction to reconsider its decision based only on the factors that we found were supported by substantial evidence, the board determined that substantial evidence still sufficed to establish that petitioner is not likely to be rehabilitated in a reasonable period of time, under the criteria in OAR 255-032-0020(1), (3), (4), (6), and (10). For four out of five of these criteria, the board's orders provided an explanation for why they weigh against the petitioner and support its ultimate conclusion.

Beginning with OAR 255-032-0020(1), the board pointed to a number of details about petitioner's involvement in programs in the institution, such as his inability to identify concrete skills that he had learned during his treatments, and found it of "particular significance that [petitioner] was unable to identify any way in which he believes he needs to change." The board used this to support its conclusion that his "participation in programming has been *pro forma* and that he has not invested himself in change."

Looking to OAR 255-032-0020(3), the board considered petitioner's disciplinary record, noting how petitioner minimized a 2009 rule violation, which the board found "unconvincing," and that petitioner "continues to have problems with impulsivity and poor problem-solving." The board's language also at least implicitly weighs positive factors cited by petitioner against those that weigh against him.

Assessing OAR 255-032-0020(4), the board stated that its reasoning was based on the fact that petitioner "displayed evidence of continued criminal thinking errors, including: justifying, blaming, excuse-making, issue-avoidance, victim stance, minimizing, close-mindedness and self-righteousness, [and] power and control issues ***." The board acknowledged "the service [petitioner] has provided through his informant activities," but explicitly reasoned that a number of outlined facts, such as petitioner's conduct at his hearing, weighed against him and led the board to infer that he "is still involved in an adventure-seeking, risk-taking lifestyle," as he had been when he murdered his victim.

Considering OAR 255-032-0020(6), the board analyzed petitioner's prior criminal history, including "the nature and circumstances of previous offenses." After listing facts of various prior crimes, the board reasoned that it was "not persuaded that these criminal acts were somehow isolated and time-limited, and that offender is now a different person." It found that his "behavior in committing these crimes was purposeful and antisocial" and not properly ascribed to his 1979 head injury, as he claimed.

While the board's articulation of its reasoning with respect to the above factors is not verbose, we cannot say it is insufficient to establish substantial reason. As we have observed, "although a more complete explanation of how the board resolved conflicts in the evidence might aid our review, the legislature has chosen to exempt the board from any requirement to provide such an explanation." *Mendacino*, 287 Or App at 839.

The board's treatment of the above four factors differs from its discussion of OAR 255-032-0020(10). For that

criterion, the board states a mere conclusion, which this court has found insufficient to contribute to substantial reason. *See Castro*, 232 Or App at 85 (citing ORS 183.315(1)). For this criteria, the board does nothing more than state that it "concludes that there is no reasonable probability that [petitioner] will remain in the community without violating the law and there is no substantial likelihood that [petitioner] will conform to the conditions of parole," pointing to no facts and doing nothing more than restating the language of the rule.

However, as discussed, the board need not consider every, or even most, of the criteria listed in OAR 255-032-0020. Here, four out of the 10 nonexclusive criteria of the rule are sufficiently supported by substantial reason in the language of the board's order. For these four criteria, the order identifies both "the particular facts and the particular criteria on which [the board] relied in support of its conclusion that petitioner did not meet his burden of proving that he was capable of being rehabilitated." *Dixon*, 257 Or App at 287-88. Although there was certainly evidence that the board itself concedes weigh in favor of petitioner and which petitioner pointed out at the review hearing, we do not consider this to be a case in which the evidence weighs overwhelmingly in petitioner's favor. *Cf. Castro*, 232 Or App at 84 (substantial reason does not exist when the credible evidence apparently weighs overwhelmingly in favor of one finding and the board makes another finding without providing an explanation). In sum, the board's order in this case is supported by substantial reason in addition to substantial evidence.

Affirmed.