***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 24, reversed and remanded April 19, 2023

In the Matter of the Compensation of
David Langan, Claimant.

CAMPBELL SOUP COMPANY,
*Petitioner,*

*v.*

David LANGAN,
*Respondent.*

Workers' Compensation Board
2002116; A177552

Thomas P. Busch, Kevin E. Domanico, and McColl Busch Sato, PC, filed the briefs for petitioner.

Aaron S. Price and Welch, Bruun & Green filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

Employer Campbell Soup Company seeks judicial review of a Workers' Compensation Board (board) order setting aside employer's denial of claimant's claim for a cervical spine injury. Employer raises three assignments of error, challenging (1) the board's finding that claimant was a credible witness; (2) the board's determination that the administrative law judge (ALJ) did not abuse his discretion by excluding three exhibits; and (3) the board's assessment of the persuasive value of the competing medical opinions. As explained below, we conclude that the board did not err in the first two regards. On the third issue, because of a misstatement in the board's opinion on one point, we remand for the board to reconsider its analysis of major contributing cause.

*Excluded exhibits.* Employer offered Exhibits 26, 27, and 28 as relevant to claimant's general credibility. The ALJ excluded those exhibits as unhelpful because they did not pertain to the specific work event, injury, or treatment at issue in this case. The board concluded that the ALJ did not abuse his discretion by excluding the exhibits on that basis, and employer challenges that conclusion on judicial review. We need not address the correctness of that conclusion, however, because the board also ruled in the alternative that, in any event, "consideration of the excluded exhibits would not change [the board's] determinations regarding the reliability of claimant's material testimony or whether the injury claim is compensable" (and then explained why that was so). In other words, even if the exhibits had been admitted, the board would have found claimant credible regarding his injury and claim. The alternative ruling is not challenged, so we reject the second assignment of error. *Cf. Shank v. Board of Nursing*, 220 Or App 228, 237-38, 185 P3d 532 (2008) (rejecting the petitioner's first assignment of error, where she had not challenged alternative bases for the same conclusion, because "even assuming that petitioner's first assignment of error has merit, she has not demonstrated that such an error would compel any different action by the board").

*Claimant's credibility.* The board found that claimant was credible regarding the work injury. Employer

argues that the board's finding is not supported by substantial evidence. On judicial review, "[w]e do not reweigh the evidence or substitute our judgment for that of the board as to any issue of fact supported by substantial evidence." *Guild v. SAIF*, 291 Or App 793, 796, 422 P3d 376 (2018) (internal quotation marks omitted). "If the board's finding is reasonable in the light of countervailing as well as supporting evidence, then the finding is supported by substantial evidence." *Elsea v. Liberty Mutual Ins.*, 277 Or App 475, 484, 371 P3d 1279 (2016); *see also* ORS 656.298(7) (we review board final orders as provided in ORS 183.482(7) and (8)); ORS 183.482(8)(c) ("Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding.").

We reject employer's challenge to the board's credibility finding regarding claimant. We are unpersuaded that the board "focused on the minutiae to the exclusion of more significant inconsistencies." First, although there were inconsistencies between claimant's statements over time, we disagree that they were so extreme that the board could not find claimant credible. Second, we reject the premise that, in finding that claimant did not immediately report the injury to employer, the board must have discredited claimant's testimony regarding statements that he made to Cox and Oakes on the night of the incident. Claimant's testimony can be understood to mean that he mentioned only his symptoms, not the cause, and the board could find on this record that claimant's statements were made but did not rise to the level of a report of a work injury. Third, it is unremarkable that claimant did not call his coworker, Alma, to testify. Given the nature of claimant's injury, any testimony by Alma likely would have been limited to corroborating that she saw claimant lift a grate at work. It was never seriously disputed that claimant lifted a grate at work, and, contrary to employer's view, claimant's testimony on that subject was not necessarily inconsistent with what he described to Dr. Broock. What was disputed was whether he was injured in the process—and nothing in the record suggests that Alma was an important witness on that issue.

Keeping in mind that we do not reweigh the evidence or substitute our judgment for that of the board, substantial evidence supports the board's finding that claimant was credible regarding the work injury. We reject the first assignment of error.

*Medical opinions.* The board found Dr. Tatsumi's medical opinion, as supported by Dr. Thrall's opinion, more persuasive than the opinions of Drs. Bergquist and Broock. Employer raises both substantial evidence and substantial reason challenges. Having reviewed the record, we affirm the board's determination that the work event was a material contributing cause of claimant's disability or need for treatment. However, as to the board's determination that employer did not persuasively establish that the otherwise compensable injury was not the major contributing cause of the disability or need for treatment of a combined condition, there is one error in the board's analysis that requires remand. The board incorrectly states in its order that Broock "did not render an opinion regarding the major contributing cause of claimant's disability/need for treatment." In fact, in a concurrence letter, Broock opined that, if claimant had a work injury, then he had a combined condition, and claimant's "preexisting degenerative disc disease of the cervical spine" was "the major cause of [claimant's] need for treatment and disability of the combined condition."

We cannot be certain whether a more complete understanding of Broock's opinion would have affected the board's analysis of the major contributing cause issue. *See* ORS 656.005(7)(a)(B) (when "an otherwise compensable injury" combines with a preexisting condition, the combined condition is compensable insofar as "the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition"); ORS 656.266(2)(a) (if a worker establishes an otherwise compensable injury, the burden shifts to the employer to show that that injury "is not *** the major contributing cause of the need for treatment of the combined condition"). We therefore reverse and remand for the board to reconsider that aspect of its decision. *See Reguero v. Teacher Standards and Practices*, 312 Or 402, 422, 822 P2d 1171 (1991) (remanding

for reconsideration where some of the factual findings on which the agency relied in reaching its ultimate conclusion were not supported by substantial evidence); *King v. Board of Parole*, 283 Or App 689, 694, 389 P3d 1171 (2017) ("[W]e must remand to the board to reconsider its decision without relying on the erroneous factual findings.").

Reversed and remanded.