798 May 20, 2026 No. 449

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

PHILLIP GURULE,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A185302

Submitted March 18, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

JACQUOT, J.

Vacated and remanded.

**JACQUOT, J.**

Petitioner seeks judicial review of a final agency order and raises two assignments of error.[1] Petitioner argues that "[t]he board erred when it denied him rerelease on parole and converted [his] sentence of life with the possibility of parole to life without the possibility of parole," and that the board erroneously applied "substantive rules to [his] case that were not in effect at the time of the offense." The state responds that some of petitioner's arguments are unpreserved, and that at any rate, the board did not err because the board did not "convert" petitioner's sentence in its decision, and even if the board applied a later-enacted rule, the order does not violate the *ex post facto* prohibition. Reviewing the board's actions "for legal error, substantial evidence, and substantial reason," *Bell v. Board of Parole*, 283 Or App 711, 713, 391 P3d 907, *rev den*, 361 Or 645 (2017); ORS 183.482(8)(a), we vacate and remand.[2]

Whether the board applied the correct legal standards is reviewed for legal error. *See Lehman v. Board of Parole*, 333 Or App 417, 424, 552 P3d 718 (2024), *rev dismissed as improvidently allowed*, unpublished order in case number S071263 (Jan 7, 2025) (reviewing whether the board's order was supported by adequate legal authority). The substantive law in effect at the time a petitioner committed the offense of conviction governs the board's review. *Black v. Board of Parole*, 341 Or App 524, 531, 575 P3d 148, *rev den*, 374 Or 523 (2025); *Barrett v. Board of Parole*, 332 Or App 463, 465 n 1, 549 P3d 12 (2024).

The board's reasoning "need not be complex, but it should be sufficient to demonstrate the existence of a rational basis and to allow for judicial review." *City of Roseburg v. Roseburg City Firefighters*, 292 Or 266, 272, 639 P2d 90 (1981). If the board's order contains "mere conclusions, without adequate explanation for judicial review, we have found substantial reason to be lacking." *King v. Board of Parole*, 308 Or App 716, 720, 482 P3d 110 (2021).

---

[1] Petitioner filed a supplemental *pro se* opening brief which does not add assignments of error beyond those argued by his counsel.

[2] Because we vacate and remand for lack of substantial evidence or reason, we do not reach petitioner's *ex post facto* argument or his other due process arguments.

Defendant was sentenced to an indeterminate life sentence with the possibility of parole and a required minimum 20 years of incarceration for an offense he committed in 1987. In 2014, the board released him on parole. In 2023, while petitioner was on parole, he was taken into custody for additional offenses, convicted, and sentenced to a prison term. Consequently, the board revoked petitioner's parole and held a future disposition hearing. Following the hearing, the board denied petitioner rerelease and issued a board action form (BAF) that stated that the "result of the denial of rerelease results in a true life sentence." Petitioner timely requested administrative review, and the board issued an administrative review response (ARR 2) denying relief.[3]

We begin by addressing preservation and exhaustion of administrative remedies. *Tuckenberry v. Board of Parole*, 365 Or 640, 646, 451 P3d 227 (2019). The state argues that petitioner failed to exhaust or preserve an argument that the board applied later-enacted law, and we disagree. In its BAF, the board did not specify the legal authority it relied on to support its decisions. Thus, petitioner had no opportunity to identify—or challenge—the board's reliance on a specific statute or administrative rule. Nonetheless, petitioner, unrepresented at the time of his request for administrative review, included how "[t]he board does not have the authority to convert [his] sentence," because "[he is] not sentenced to life without parole" in his appeal to the board. That statement provided more than a general description of his concerns to the board and his administrative appeal request put the board on notice that it did not have the authority to impose a true life sentence. Not only did petitioner sufficiently communicate a challenge to the board's legal authority, petitioner's request for judicial review "raises important issues of public interest concerning the board's authority ***." *See Tuckenberry*, 365 Or at 654-55.

The board had authority to revoke petitioner's parole. When the board finds that a parolee "has violated one or more conditions of parole and the evidence offered in mitigation does not excuse or justify the violation, the board

---

[3] The BAF and ARR are both considered part of the final order for purposes of review. *Jenkins v. Board of Parole*, 356 Or 186, 207, 35 P3d 828 (2014).

may revoke parole." ORS 144.345 (1977), *amended by* Or Laws 1991, ch 836, § 3. The board, however, failed to support the balance of its order with sufficient evidence or legal authority for its decision.

A board order that is not supported by substantive legal authority in effect at the time petitioner committed the offense of conviction is not supported by substantial reason. *See Lehman*, 333 Or App at 424 (reversing when "[t]he board has not pointed to any other source of law, either below or on judicial review, that would constrain its authority" in the manner it concluded its authority was constrained).

Given the specific contours of this case, the board's failure to cite administrative rules or statutes in effect in 1987, at the time of petitioner's offense of conviction, rendered the order unsupported by substantial reason. *See Acuna v. SAIF*, 346 Or App 29, 30-31, 584 P3d 322 (2025) ("[T]he board's explanation of how the reasonableness factors led to the fee award did not amount to substantial reason to support its decision[.]"). We reach that conclusion, in part, because it is irrefutable that the board relied on at least one authority that did not exist in 1987. In its administrative review response, the board cited OAR 255-75-[0]079, an administrative rule first enacted in 1989.[4] Although the board did not specify the year of statutes or administrative rules it referenced, review of the record suggests that the board considered currently operative legal authority. For example, in ARR 2, the board quoted OAR 255-075-0096(1) as providing that "upon a finding of aggravation pursuant to *** Exhibit H" the board may deny rerelease. (Ellipsis in ARR 2). However, the equivalent predecessor administrative rule effective in 1987, *former* OAR 255-75-096 (1985), makes no reference to "aggravation" or "Exhibit H."[5]

---

[4] OAR 255-75-[0]079 has been amended numerous times between 1989 and now. ARR 2 cites language from the currently operative version of the rule.

[5] *Former* OAR 255-75-096 (1985) provides in full:

"(1) The Board may deny reparole consideration and require the parole violator to serve to the statutory good time date. This action requires the affirmative vote of at least four voting members.

"(2) In cases where setting a parole violator within the guidelines set forth in 255-75-090 would require the parole violator to serve to the end of the sentence, four votes are not required."

In 1987, upon a finding of probable cause that a parolee violated one or more conditions of their parole, the board had discretionary authority to "revoke parole," and "require that the parole violator serve the remaining balance of the sentence as provided by law." ORS 144.343(2) (1987), *amended by* Or Laws 1989, ch 790, § 42a; Or Laws 1991, ch 836, § 2; Or Laws 1993, ch 581, § 3; Or Laws 1997, ch 313, § 12; Or Laws 2009, ch 178, § 30; Or Laws 2010, ch 89, § 13; *see also* ORS 144.345 (1977), *amended by* Or Laws 1991, ch 836, § 3 (providing authority to "revoke parole"). The board does not explain or cite legal authority regarding the meaning of the phrase "serve the remaining balance of the sentence as provided by law" in the case of a petitioner sentenced to an indeterminate life sentence with the possibility of parole. That supports our determination that the board's order is not supported by substantial reason. *See, e.g.*, *Spurger v. SAIF*, 266 Or App 183, 194-95, 337 P3d 883 (2014) ("[T]he [Worker's Comp] board has failed to provide an adequate explanation of what it considers 'significantly limited' to mean and, thus, [we] conclude that the board's order is not supported by substantial reason.").

The BAF provides, in part: "The result of the denial of rerelease results in a true life sentence." Nonetheless, the board argues that it did not "convert" petitioner's sentence when it ordered him reincarcerated after revoking his parole. As we understand the state's argument, the board regards use of the phrase "true life sentence" simply to mean petitioner is required to serve the remaining balance of his original sentence. However, the Oregon Supreme Court has recognized that the phrase "true life sentence" is not interchangeable with a life sentence with the possibility of parole; rather, a true life sentence is synonymous to "a sentence of life *without* the possibility of parole[.]" *State v. Link*, 367 Or 625, 633, 644, 482 P3d 28, (2021) (internal quotation marks and citation omitted; emphasis added)). The state's argument fails to address the distinction between a life sentence *with* the possibility of parole and a life sentence *without* the possibility of parole.[6] Despite the board's asser-

---

[6] We note that under the statutes governing petitioner's offense of conviction, life without the possibility of parole was not a permissible sentence. *See* ORS 163.115 (1985), *amended by* Or Laws 1989, ch 985, § 1; Or Laws 1993, ch 664, § 1;

tion that denying petitioner rerelease necessarily "*results in a true life sentence,*" without a scheduled parole review hearing, the board provided no authority for that proposition.[7] (Emphasis added).

Even so, the board did not provide a sufficient explanation of its authority to render petitioner ineligible for future parole review, deny petitioner's request for parole review, or substitute a "true life sentence" in place of petitioner's original sentence. *See Acuna*, 346 Or App at 30-33 (reversing when an agency's order was not supported by substantial reason because it was lacking a clear path of reasoning from fact finding to conclusions of law).

Vacated and remanded.

---

Or Laws 1995, ch 421, § 3; Or Laws 1995, ch 657, § 1; Or Laws 1997, ch 850, § 2; Or Laws 1999, ch 782, § 4; Or Laws 2007, ch 717, § 2; Or Laws 2009, ch 660, § 7; Or Laws 2009, ch 785, § 1; Or Laws 2011, ch 291, § 1; Or Laws 2015, ch 820, § 46; Or Laws 2019, ch 634, § 28; Or Laws 2019, ch 635, § 4.

[7]  In fact, in more than one instance, the board has scheduled a parole review hearing after denial of rerelease. *Murphy v. Board of Parole*, 243 Or App 242, 243, 259 P3d 97 (2011), *rev den*, 351 Or 545 (2012) (the petitioner was sentenced to life with the possibility of parole, and sought judicial review challenging a span of four and a half years between his future disposition hearing and his scheduled parole review hearing); *Himes v. Board of Parole*, 221 Or App 386, 388-89, 190 P3d 466, *rev den*, 345 Or 417 (2008) (the petitioner was sentenced to 70 years, and sought judicial review challenging a span of 29 and a half years between his future disposition hearing and his scheduled parole review). Thus, denial of rerelease does not *necessarily* result in any particular sentence imposition, despite the board's assertion in the BAF to the contrary.

On appeal, the state argues that *Murphy* supports the board's order. The board did not address *Murphy* (or any case law) in its order. In *Murphy*, 243 Or App at 243-44, we held that the board did not fail to adopt rules and that the board did not err by setting the petitioner's rerelease date four years after his future disposition hearing. We determine that the board's order does not contain sufficient evidence or analysis for us to review whether and to what extent *Murphy* applies to the board's order. "It is essential that an agency articulate in a contested case the rational connection between the facts and the legal conclusion it draws from them." *Spurger*, 266 Or App at 189 (internal quotation marks and citation omitted).