Argued and submitted December 7, 1994, reversed and remanded for
reconsideration January 4, 1995

In the Matter of the Compensation of
Dale A. Weckesser, Claimant.

Dale A. WECKESSER,
*Petitioner,*

*v.*

JET DELIVERY SYSTEMS
and SAIF Corporation,
*Respondents.*

(93-10648; CA A85412)

888 P2d 127

Susan L. Frank argued the cause for petitioner. With her on the brief was Pozzi Wilson Atchison.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

LEESON, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

**LEESON, J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in holding that he has failed to prove that his compensable foot injury includes chronic impairment, for which he could be entitled to an additional permanent partial disability award. We reverse and remand.

OAR 436-35-010(6) provides that

"[a] worker may be entitled to scheduled chronic condition impairment when a preponderance of medical opinion establishes that the worker is unable to repetitively use a body part due to a chronic and permanent medical condition * * * ."

The rule does not define the term "chronic." However, Board orders applying that rule have interpreted it to permit an award of up to five percent scheduled PPD if there are medical findings from which the Board can conclude that there is "at least a partial loss of ability to repetitively use the body part." *Donald E. Lawry*, 45 Van Natta 1452 (1993).

Evidence in the record includes a report by Dr. Wisdom, claimant's attending physician, which describes claimant's permanent disability to include

"decreased flexor/invertor strength in the foot or ankle, easy fatiguability in the foot and the leg with long standing and walking, probable discomfort in the foot and ankle with same, ongoing need for orthotic correction and high top shoes."

At the request of SAIF, claimant was examined by Dr. Hunt on May 18, 1993. Hunt's report following that examination rated claimant's impairment. Wisdom expressly concurred in Hunt's report. Subsequently, on August 16, 1993, claimant sent Hunt a questionnaire asking whether claimant had a chronic condition with at least a partial loss of ability to repetitively use his left foot. Hunt answered affirmatively. Wisdom was not asked to and did not concur in that opinion.

ORS 656.245(3)(b)(B) provides that only the attending physician may rate a claimant's impairment. Because Wisdom did not separately concur in Hunt's response to the

questionnaire, the Board, in affirming the referee, held that it could not consider Hunt's response to the questionnaire for the purpose of determining whether claimant has a chronic condition. Claimant contends that, because Wisdom had once concurred in Hunt's opinion, it was not necessary for Wisdom to concur separately in the answer to the questionnaire, which claimant characterizes as merely an addendum to Hunt's full report.

■     We agree with the Board that, like other impairments, chronic condition "impairment" must be rated or concurred in by the attending physician. It is for the attending physician to determine whether the "addendum" or subsequent report of another rating physician is consistent with the attending physician's opinion of impairment.

■     Having refused to consider Hunt's response to the questionnaire, the Board said:

> "There is no medical opinion which may be considered on the issue of permanent impairment that claimant has a 'chronic medical condition' as a medical term of art."

The Board's characterization of "chronic medical condition" as a medical "term of art," and its apparent conclusion that there is no admissible medical opinion directed to that issue, suggests that the Board believes that the record must contain a medical opinion using the word "chronic." However, that is not necessarily consistent with what the Board has held in other cases. For example, the Board has held that a doctor's use of the words "chronic condition limiting repetitive use" is not sufficient, in and of itself, to support an award. There must be evidence of a permanent inability to repetitively use the body part. *Donald E. Lawry, supra.*

■     There is no indication in this record that the meaning of the term "chronic" is different when used in medical contexts than when used in common parlance. We think that the administrative rule permits the Board to make an award for "chronic condition impairment" even if the record contains no express medical finding that the condition is "chronic," so long as the record contains a medical opinion of the claimant's attending physician, or one in which the attending physician has concurred, *from which it can be found* that the worker is unable to repetitively use a body part

"due to a chronic and permanent medical condition." The Board erred in concluding that it could not consider Hunt's first opinion and Wisdom's opinion for the purpose of determining whether claimant is entitled to an award for chronic condition impairment.

Reversed and remanded for reconsideration.