ARMSTRONG, J.
*228 In this workers' compensation case, claimant challenges the Workers' Compensation Board's determination that she is not entitled to an award of five percent impairment for a chronic and permanent medical condition, as defined in OAR 436-035-0019(1)(i). This is the second time that we have considered a board order rejecting claimant's request for an award for chronic condition impairment. See Spurger v. SAIF , 266 Or. App. 183, 337 P.3d 883 (2014). We conclude that the board's order is not supported by substantial reason, and we therefore reverse and remand the order.
Claimant works for employer as a certified medication aid (CMA). Claimant's job overseeing distribution of medication for approximately 50 patients per shift has a "light" classification, and involves continuously being on her feet, frequently changing positions, walking, and standing. Claimant's job also requires squatting to reach a medication drawer, occasional sitting, repositioning a patient, and helping an RN by lifting or holding a limb.
Claimant suffered an injury at work while moving a bed. SAIF accepted a claim for lumbar strain, left hip strain, and trochanteric bursitis. Within a week or so of the injury, claimant was released to modified work at her regular hours and wages. At the time of claim closure, claimant was examined by Dr. Wong at SAIF's request. In rating claimant's limitation in repetitive use relating to the left hip, Wong had a choice of "no limitation," "some limitation," or "significant limitation," and he checked the box indicating that claimant had "some limitation." Claimant's treating physician concurred in that opinion. Given *122 further information by claimant's attorney as to what constitutes a "significant limitation," Wong maintained his opinion that claimant has "some limitation." However, Wong specifically concurred in claimant's counsel's statement that claimant would have "difficulty" with "repetitive squatting, walking long distances, and static standing for long periods of time." He released claimant for work, recommending that she be limited to "light/sedentary" work and that she work two days on, one day off, two days on. Claimant's treating physician concurred in Wong's opinion and recommendations. *229 OAR 436-035-0019(1)(i) defines "chronic condition impairment":
"A worker is entitled to a 5% chronic condition impairment value for each applicable body part, when a preponderance of medical opinion establishes that, due to a chronic and permanent medical condition, the worker is significantly limited in the repetitive use of [a list of body parts including the hip]."
Claimant sought a rating for chronic condition impairment for the hip, but SAIF rejected it. The claim was closed with an award of one percent whole person impairment and 17 percent work disability, but no rating for chronic condition impairment. Claimant requested reconsideration. The board ultimately upheld the award. The board explained that, considering the medical evidence as a whole, the evidence did not support the conclusion that claimant had significant limitations so as to support a rating for chronic condition impairment. The board rejected claimant's contention that the evidence that claimant has "some limitation" or will have "difficulty" performing certain movements necessarily establishes a significant limitation on repetitive use.
In our first opinion on judicial review in this case, we concluded that the board's order had not provided an adequate explanation or substantial reason for its conclusion that "difficulty" repetitively performing certain tasks does not establish significant impairment for purposes of OAR 436-035-0019(1)(i). We remanded the case for the board to further explain its reasoning. Spurger , 266 Or. App. at 195, 337 P.3d 883.
Pending remand, we issued our opinion in Godinez v. SAIF , 269 Or. App. 578, 346 P.3d 530 (2015). The worker in that case was restricted from repetitively lifting 20 pounds above shoulder level, and sought to overturn the board's determination, in affirming the Appellate Review Unit (ARU), that the limitation was not sufficient for a chronic condition impairment award under OAR 436-035-0019. Id. at 579, 346 P.3d 530. Under a previous administrative rule, the chronic condition impairment rating had been interpreted to apply to a partial loss of ability to use a body part. Id . at 584, 346 P.3d 530. The ARU determined that under OAR 436-035-0019, chronic condition impairment requires a limitation on the worker's *230 "overall conditions/motions and not just one motion." We affirmed the board's order upholding that interpretation. Citing the rulemaking history of OAR 436-035-0019, which we reasoned indicated an intention to require a higher threshold for receiving a chronic condition impairment award-more than a partial loss of ability to use a body part-we held that the ARU's interpretation was plausible and entitled to deference. Id. at 581, 346 P.3d 530.
Godinez did not deal with the precise issue presented here as to what constitutes a "significant" limitation. But, in concluding that the ARU's interpretation of the rule was plausible, our opinion did refer to dictionary definitions of "significant":
"The definition of 'significant' includes 'having meaning' and 'having or likely to have influence or effect'; it is synonymous with 'important,' 'weighty,' and 'notable.' "
269 Or. App. at 583, 346 P.3d 530 (citing Webster's Third New Int'l Dictionary , 2116 (unabridged ed. 2002)). In its order in this case, the board cited Godinez as well as the dictionary definitions, and reached the conclusion that a "significant" limitation for purposes of OAR 436-035-0019 is one that is "meaningful" or "important."[1]
*123 The board then evaluated the medical evidence to determine whether it met that standard. The board concluded that Wong's opinion that claimant would have "difficulty" with certain activities such as repetitive squatting did not establish that claimant had a restriction in the repetitive use of her hip that met the legal standard of "meaningful" or "important":
"On this record, we do not find that a 'difficulty' with such activities establishes a meaningful or important limitation in the repetitive use of claimant's hip. In other words, such a restriction is not 'full of import' and does not 'meaningfully' limit claimant from doing anything."
*231 One board member dissented, expressing the view that Wong's opinion that claimant would have difficulty with repetitive squatting, walking long distances, and static standing describes a "meaningful" and "important" limitation in the repetitive use of the left hip and requires the conclusion that claimant is entitled to an award for chronic condition impairment.
On judicial review, claimant contends that the board's order fails to explain why a "difficulty" performing repetitive squatting, walking long distances, and static standing is not a "meaningful" and "important" limitation on claimant's use of her hip, and we agree. It is possible, as SAIF contends, that the board concluded that those limitations are not sufficient because they are not general or comprehensive but are limited to just one motion, see Godinez , 269 Or. App. at 584, 346 P.3d 530, but that does not seem likely on this record. It is possible that the board concluded that a limitation is meaningful or important only if it makes the worker unable to perform the repetitive use of the body part and not when it just makes the movement difficult, but that seems unlikely, because the board acknowledged in a footnote that a significant limitation does not require "a total or complete inability to repetitively use a body part." It is possible that the board simply found that claimant's "difficulty" with the repetitive use of her hip was not of a sufficient magnitude to be meaningful or important; but that finding would seem to belie Wong's recommendation of a change in claimant's work schedule, presumably to accommodate her limitations related to repetitive use of the hip.[2] Because we conclude that the board has not adequately explained why a difficulty performing repetitive movements is not a significant limitation, we conclude once again that the board's order is not supported by substantial reason, see Spurger , 266 Or. App. at 195, 337 P.3d 883, and we therefore remand the case to the board for reconsideration.
Reversed and remanded.

The board stated in a footnote that the other synonyms for "significant" "could be considered when evaluating whether a particular record in a given case is sufficient to establish the existence of a 'significant limitation' in support of a chronic condition impairment award."

The board said in its order on remand that it could not tell from the record whether the work schedule limitations recommended by Wong were related to the repetitive use of claimant's hip. We note that the only limitation noted in Wong's report was the repetitive hip limitation.