Argued and submitted December 18, 2018, reversed and remanded
October 30, 2019

In the Matter of the Compensation of
Keith J. Wiggins, Claimant.

Keith J. WIGGINS,
*Petitioner,*

*v.*

SAIF CORPORATION
and Conkraft Construction, Inc.,
*Respondents.*

Workers' Compensation Board
1603000; A166090

453 P3d 603

Claimant petitions for judicial review of an order of the Workers' Compensation Board. In that order, the board concluded that claimant was not entitled to an award of penalties and attorney fees under ORS 656.268(5)(f) or ORS 656.262(11) after determining that the form that SAIF Corporation provided to claimant's attending physician properly referred to the legal standard adopted by the Workers' Compensation Division (WCD) for a "chronic condition" impairment award under OAR 436-035-0019. Claimant contends that the form did not correctly articulate that standard. *Held*: The board erred in determining that SAIF's form correctly articulated the WCD standard, because the "Significant limitation (more than 2/3 of the time)" check-the-box option on the form could only mean that the worker is limited for more than two thirds of the time, which is not the WCD standard. *Broeke v. SAIF*, 300 Or App 91, 98, 453 P3d 597 (2019).

Reversed and remanded.

James S. Coon argued the cause for petitioner. Also on the briefs was Thomas, Coon, Newton & Frost.

David L. Runner argued the cause and filed the brief for respondents.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

Claimant petitions for judicial review of an order of the Workers' Compensation Board. In that order, the board concluded that claimant was not entitled to an award of penalties and attorney fees under ORS 656.268(5)(f) or ORS 656.262(11) after determining that a form that SAIF Corporation provided to claimant's attending physician referred to the legal standard adopted by the Workers' Compensation Division (WCD) for a "chronic condition" impairment award under OAR 436-035-0019 and rejecting claimant's contention that the form did not correctly articulate the WCD standard. Because we conclude that the board erred in determining that SAIF's form correctly articulated the WCD standard, we reverse and remand to the board for reconsideration.

Some legal background is necessary for context. Claimant seeks penalties and fees based on what claimant contends was unreasonable behavior by SAIF in determining whether to award him a "chronic condition" impairment value under OAR 436-035-0019. Pertinent to this case, which centers on an injury to claimant's right knee, that rule provides:

> "A worker is entitled to a 5% chronic condition impairment value for [the upper leg from the knee and above], when a preponderance of medical opinion establishes that, due to a chronic and permanent medical condition, the worker is significantly limited in the repetitive use of [the upper leg from the knee and above]."

OAR 436-035-0019(1)(b). As we recently recounted in *Broeke v. SAIF*, 300 Or App 91, 453 P3d 597 (2019), in *Spurger v. SAIF*, 266 Or App 183, 537 P3d 883 (2014), we concluded that the phrase "significantly limited" in that rule had not been adequately defined by the board or the promulgating agency, the WCD. We returned the case to the board so that the deficiency could be corrected. *Spurger*, 266 Or App at 194-95; *Broeke*, 300 Or App at 97-98 (setting forth history).

Following our decision in *Spurger*, the director of WCD issued an Industry Notice supplying the necessary definition. In the notice, the director explained:

"This notice explains how WCD will determine 'whether the limitations described in the medical opinion evidence show that the worker is significantly limited' under OAR 436-035-0019(1). 'Significantly limited' is defined by neither rule nor statute. Absent statutory and administrative definition, we look to a term's plain meaning. 'Significant' is defined, most relevantly, as 'having or expressing a meaning'; 'meaningful' or 'important; notable; valuable.' *See American Heritage Dictionary, New College Edition*; *see also*, *Webster's II New College Dictionary*. 'Limited' is defined as 'confined or restricted.' *Id.*

"In applying those definitions to OAR 436-035-0019(1), it is necessary to establish when a confinement or restriction to the 'repetitive use' of a body part is important, meaningful, or notable. In the context of work restrictions, a repetitive use limitation is generally compensable when the worker is limited to 'frequent' repetitive use or action. Although OAR 436-035-0019(1) provides an award for impairment, WCD finds it reasonable to adopt an equivalent standard for the limited purpose of defining when a confinement or restriction is important, meaningful, or notable. Accordingly, WCD will interpret confined or restricted ('limited') 'repetitive use' under OAR 436-035-0019(1) as important, meaningful, or notable ('significant') when the worker is limited to frequent use of the body part. Consistent with the use of the term in the context of work restrictions, frequent means the ability to use the body part for up to two-thirds of a period of time."

Industry Notice, Workers' Compensation Division (Dec 22, 2014); *Broeke*, 300 Or App at 98. As we explained in *Broeke*, the Industry Notice makes clear that

"as interpreted by WCD, OAR 436-035-0019 authorizes a chronic condition impairment value for a worker who can repetitively use the body part at issue for at most two-thirds of a period of time. Said another way, under WCD's interpretation, a worker who is restricted from repetitive use of a body part for one-third or more of a period of time is entitled to a chronic condition impairment value. WCD's interpretation of the rule is a plausible one, given the rule's text and context, and, for that reason, is entitled to deference. *See SAIF Corp. v. Eller*, 189 Or App 113, 119, 74 P3d 1093 (2003) (WCD interpretation of WCD administrative

rule is entitled to deference if plausible, given the rule's text, context, and other relevant sources of law)."

300 Or App at 98-99.

With that background in mind, we set forth the facts related to the issue before us. We draw them from the undisputed portions of the board's order, supplementing with additional undisputed facts drawn from the evidence in the record. *Robin v. Teacher Standards and Practices Comm.*, 291 Or App 379, 381, 421 P3d 385, *rev den*, 363 Or 677 (2018).

Claimant has a work-related right knee injury for which the accepted conditions are right knee sprain and patellofemoral chondromalacia. In December 2015, respondent SAIF, the insurer on the claim, sent a check-the-box form to claimant's treating physician and surgeon, Dr. Greenleaf. On that form, SAIF asked, "Which of the following best describes the patient's ability to repetitively use the injured knee due to the accepted conditions of right knee sprain and right knee patellofemoral chondromalacia?" The form offered Greenleaf potential check-the-box responses to that question. The first potential response said "No limitation." The second said "Some limitation." The third said "Significant limitation (more than 2/3 of the time)." Greenleaf checked the box next to "Some limitation." Thereafter, SAIF closed the claim without awarding a chronic condition impairment value under OAR 436-035-0019.

Claimant requested reconsideration before the Appellate Review Unit (ARU). In connection with the reconsideration process, claimant's attorney wrote to Greenleaf and provided him the interpretation of "significantly limited" that WCD had issued in its Industry Notice. The letter explained that, under WCD's interpretation, a worker is significantly limited in the repetitive use of a body part, so as to warrant a chronic condition impairment value, "when the worker is unable to repetitively use the body part for more than two-thirds of a period of time." In response to that letter, Greenleaf indicated that it was his "medical opinion that [claimant] is unlikely to tolerate activities where he would need to repetitively walk on uneven ground or twist, turn or rotate his knee, go up and down stairs, squat, kneel,

run or jog for more than two-thirds of an eight-hour day." Based on that opinion, the ARU determined that claimant was entitled to a chronic condition impairment value under OAR 436-035-0019.

Thereafter, claimant requested a hearing before an administrative law judge (ALJ) for the purpose of seeking penalties and fees. Claimant's theory was that SAIF's notice of closure was unreasonable because the form that SAIF supplied to Greenleaf did not accurately reflect the standard for a chronic condition award. In claimant's view, that made SAIF's Notice of Closure unreasonable, entitling him to a penalty and fees under ORS 656.268(5)(f) and ORS 656.382(1). Alternatively, claimant asserted that, by using the form, SAIF unreasonably resisted the payment of compensation, thereby entitling him to a penalty under OAR 656.262(11). The ALJ rejected those conditions, and claimant sought review before the board, which also rejected claimant's claims for penalties and fees. Concluding that SAIF did not act unreasonably in declining to award a chronic condition impairment value at the time of claimant's claim closure, the board found that,

"[h]ere, SAIF's inquiry to the attending physician, Dr. Greenleaf, both addressed the standard set forth in OAR 436-035-0019(1) (whether claimant had a 'significant limitation' in the repetitive use of his right knee) and referred to the WCD's interpretation of that standard ('more than 2/3 of the time'). Moreover, the attending physician was aware of the restrictions that he had placed on claimant due to the accepted conditions, as well as Dr. Baldwin's examination findings, at the time SAIF presented the 'chronic condition' inquiry letter to him. SAIF closed the claim based on the record at closure, including Dr. Greenleaf's opinion (as the attending physician) regarding claimant's lack of a significant limitation.

"After considering these particular circumstances, we do not consider the Notice of Closure (which did not award a 'chronic condition' permanent impairment value) to be unreasonable."

Claimant then petitioned for judicial review. On review, claimant contends that the board erred in rejecting his claims for penalties and fees. In particular, he contends

that the board erred in finding that SAIF's form correctly stated the chronic condition impairment standard as that standard has been interpreted by WCD. Claimant contends that this presents a question of law that we review under ORS 183.482(8)(a) to determine whether the board "erroneously interpreted a provision of law." Claimant contends that, based on that error, the board erred further in rejecting his claims for penalties and fees.

SAIF responds that the board was correct to find that SAIF's form "was sufficient to communicate [the] standard" articulated in the WCD Industry Notice addressing chronic condition impairment values. SAIF asserts that the question whether its form correctly captured the standard articulated in the WCD notice is a question of fact and that we review the board's determination on that point for substantial evidence under ORS 183.482(8)(c).

Regardless of whether we treat the question as one of fact or, instead, as one of law, the board erred. And regardless of whether we treat the question as one of fact or, instead, as one of law, that error requires us to remand to the board. *See* ORS 183.482(8)(a) (where agency has "erroneously interpreted a provision of law," reviewing court shall "[s]et aside or modify the order" or "[r]emand the case to the agency for further action under a correct interpretation of the provision of law"); ORS 183.482(8)(c) (where agency order is not supported by substantial evidence, "court shall set aside or remand the order").

Treated as a question of fact, the board's determination that SAIF's form "referred to the WCD's interpretation of that standard ('more than 2/3 of the time')" is supported by substantial evidence if "the record, viewed as a whole, [would] permit[] a reasonable person to make the finding." *Garcia v. Boise Cascade Corp.*, 309 Or 292, 294, 787 P2d 884 (1990). Viewing the record as a whole, a reasonable person could not find that SAIF's form refers to WCD's interpretation of the chronic condition standard. SAIF's form stated "Significant limitation (more than 2/3 of the time)." The only reasonable reading of that phrase is that a significant limitation is one that limits a worker's repetitive use of a body part for more than two-thirds of a period of time. Said

differently, under the definition of the standard reflected on SAIF's form, a worker who is limited two-thirds of the time or less, and who thus can repetitively use a body part one-third of the time or more, does not have a significant limitation.

That is not the standard articulated by WCD. Under the WCD interpretation, a person is significantly limited in the repetitive use of a body part if the person "*can use* the body part repetitively for up to, but no more than, two-thirds of the time." *Broeke*, 300 Or App at 99 (emphasis in original). That is, a person is significantly limited in the repetitive use of a body part if the person "is restricted from repetitive use of a body part for one-third or more of a period of time." *Id*.

The result is the same if we treat the question as one of law. Simply put, for the reasons already explained, the significant-limitation standard recited on SAIF's form is not the same as WCD's interpretation of the standard and the board erred in concluding otherwise. We therefore reverse and remand for the board to reconsider petitioner's claims for penalties and fees in view of our conclusion that the board erred when it determined that SAIF's form referred to the WCD interpretation of the chronic condition standard.

Reversed and remanded.